Abdoulaye v. Holder
BIA
LaForest, IJ
A097 528 372

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fourteen.

PRESENT:
     JOHN M. WALKER, JR.,
     REENA RAGGI,
     SUSAN L. CARNEY,
          *Circuit Judges.*

_____

ABDOU ABDOULAYE,
          *Petitioner,*

          v.                                    12-4805

                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Theodore Vialet, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Stephanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdou Abdoulaye, a native and citizen of Niger, seeks review of a November 7, 2012 decision of the BIA affirming a February 7, 2011 decision of Immigration Judge ("IJ") Brigitte LaForest, which denied his motion to reopen his removal proceedings. *In re Abdou Abdoulaye*, No. A097 528 372 (B.I.A. Nov. 7, 2012), *aff'g* No. A097 528 372 (Immig. Ct. N.Y. City Feb. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). There is no dispute that Abdoulaye's motion

2

to reopen, filed more than eight months after the BIA's dismissal of his appeal, was untimely.

Abdoulaye contends, however, that the time period for filing his motion to reopen should have been tolled due to his prior counsel's ineffectiveness in not filing a timely appeal. The limitations period may be tolled by ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 129-30 (2d Cir. 2000). To establish ineffective assistance, a movant must show that "competent counsel would have acted otherwise," and that "he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (citation omitted). An attorney's failure to file an appeal causes prejudice where "had the appeal been made, the result [of the proceeding] would have been different." *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993).

We find no abuse of discretion in the BIA's denial of reopening, as Abdoulaye's motion to reopen did not identify any arguments he would have raised on appeal. As he did not state how he would challenge the IJ's dispositive findings that the asylum application was untimely and that he was incredible, Abdoulaye did not show that, if his former counsel had timely filed an appeal, "the result [of the

3

proceeding] would have been different." *Id.* Abdoulaye's additional contention that former counsel provided ineffective assistance by filing a deficient notice of appeal is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Although Abdoulaye faults his former counsel for failing to challenge the adverse credibility determination in the untimely notice of appeal, Abdoulaye has not identified any basis for such a challenge.

Because Abdoulaye's failure to demonstrate prejudice is dispositive, we do not consider his counsel's performance.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4